UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO:

SEASPRAY PERDIDO KEY OWNERS
ASSOCIATION, INC.,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON (CONSORTIUM #9226);
INTERSTATE FIRE & CASUALTY
COMPANY; AND INDEPENDENT
SPECIALTY INSURANCE COMPANY,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (CONSORTIUM #9226); INTERSTATE FIRE & CASUALTY COMPANY; AND INDEPENDENT SPECIALTY INSURANCE COMPANY, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes an action pending in the Circuit Court of the Fourteenth Judicial Circuit of Florida, in and for Escambia County, styled *Seaspray Perdido Key Owners Association, Inc. v. Certain Underwriters at Lloyd's, London (Consortium #9226); Interstate Fire & Casualty Company; and Independent Specialty Insurance Company*, Case No. 2021-CA-000260, where

Plaintiff, Seaspray Perdido Key Owners Association, Inc. ("Plaintiff") sued Defendants, Certain Underwriters at Lloyd's, London (Consortium #9226); Interstate Fire & Casualty Company; and Independent Specialty Insurance Company ("Defendants"), and states:

## STATEMENT OF REMOVAL

1. On February 4, 2021, Plaintiff filed a Complaint against Certain Underwriters at Lloyd's, London (Consortium #9226); Interstate Fire & Casualty Company; and Independent Specialty Insurance Company in the Circuit Court of the First Judicial Circuit of Florida, in and for Escambia County.

2. On February 11, 2021, Defendants were served with the Complaint.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings filed in the state court action are attached hereto and incorporated herein as **Composite Exhibit "A."**

4. As such, the only parties in the state court action are the Plaintiff, Seaspray Perdido Key Owners Association, Inc., and the Defendants, Certain Underwriters at Lloyd's, London (Consortium #9226); Interstate Fire & Casualty Company; and Independent Specialty Insurance Company.

5. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in a state court is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

6. Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy

2

exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between. . . citizens of a State and citizens and subjects of a foreign state."

7. Because this case involves a claim for which the amount in controversy is in excess of $75,000.00 for each Defendant, exclusive of interest and costs, and is between a citizen of Florida, a citizen of London, England, a citizen of Illinois and a citizen of Delaware, it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

8. This Notice of Removal is filed timely within 30 days of Defendants' receipt through service of a copy of the initial pleading setting forth a claim for relief, pursuant to 28 U.S.C. § 1446(b).

9. In removing this matter to this Court, Defendants do not intend to waive any defenses they might have, including, but not limited to, improper service, personal jurisdiction, and venue.

## COMPLETE DIVERSITY EXISTS

10. At the time of the lawsuit and the filing of this Notice of Removal, there was, and still is, complete diversity between Plaintiff (a citizen of Florida), Certain Underwriters at Lloyd's, London (Consortium #9226) (a citizen of London, England); Interstate Fire & Casualty Company (a citizen of Illinois); and Independent Specialty Insurance Company (a citizen of Delaware).

11. Certain Underwriters at Lloyd's, London (Consortium #9226) share of the Policy was underwritten through the Lloyd's insurance market.

12. Two underwriters (commonly known as "Names" or "Members") subscribed to this portion of the Policy through Syndicate 2357 and Syndicate 1458.

13. The sole corporate Member for Syndicate 2357 is 100% owned by Nephila Syndicate Holdings Ltd. which is a Bermuda corporation and has its principal place of business in Bermuda. Nephila Syndicate Holdings Ltd is a Citizen of Bermuda.

14. <u>RenaissanceRe Corporate Capital (UK) Limited is the sole member of Syndicate Number 1458. RenaissanceRe Corporate Capital (UK) Limited is an English corporation and has its principal place of business in London, England. RenaissanceRe Corporate Capital (UK) Limited is a Citizen of England.</u>

15. <u>Private Limited Companies in the United Kingdom, which often contain the term "Limited" in their name, are similar to and treated the same as United States Corporations for diversity purposes.</u>

16. Interstate Fire & Casualty Company is a corporation organized under the laws of Illinois, and its principal place of business is in Illinois. Accordingly, Interstate Fire & Casualty Company is a citizen of Illinois for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

17. Independent Specialty Insurance Company is a corporation organized under the laws of Delaware, and its principal place of business is in Delaware. Accordingly, Independent Specialty Insurance Company is a citizen of Delaware for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

18. Plaintiff is a Florida corporation with a principal place of business in Florida. Accordingly, the Plaintiff is a citizen of Florida for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

19. No other parties have been joined or served in this action.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

20. Plaintiff's Complaint alleges a breach of contract against Underwriters, and Plaintiff seeks to recover under the Policy.

21. The Policy insures the Property as described in ¶ 7 of the Complaint. Plaintiff alleges a loss to the property located at 16287 Perdido Key Drive, Pensacola, Florida 32507.

22. Before suit was filed, Seaspray Perdido Key Owners Association, Inc. sought damages totaling $37,749,451.29, which was based on an estimate created by its public adjuster, Complete General Contractors, Inc.

23. While Defendants deny liability as to Plaintiff's allegations, the amount in controversy between Plaintiff and Defendants, including the subscribing Members to Syndicate 2357 and Syndicate 1458 which make up Certain Underwriters' portion of the Policy, exceeds the $75,000 amount in controversy requirement for diversity jurisdiction, exclusive of interests and costs, as required under 28 U.S.C. § 1332(a).

## REMOVAL PROCEDURES

24. Removal of this action is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because this Notice of Removal is being filed

within thirty days after Defendants were served with the Complaint on February 11, 2021.

25.  Removal is properly made to the United States District Court for the Northern District of Florida under 28 U.S.C. § 1441(a) because Escambia County, where this action is currently pending, is within the Northern District of Florida.

26.  Defendants will file written notice that they filed this Notice of Removal with the Clerk of Court for the First Judicial Circuit in and for Escambia County, Florida, and will serve same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, by this Notice of Removal, Certain Underwriters at Lloyd's, London (Consortium #9226); Interstate Fire & Casualty Company; and Independent Specialty Insurance Company removes this action from the First Judicial Circuit in and for Escambia County, Florida, and respectfully requests that this action proceed as properly removed to this Court.

Dated February 26, 2021

Respectfully submitted,

*/s/ Richard M/ Singer*
**RICHARD M. SINGER, ESQ.**
Florida Bar No. 93036
**WOOD, SMITH,**
**HENNING & BERMAN LLP**
7835 NW Beacon Square Blvd.,
Second Floor
Boca Raton, Florida 33487
Telephone: (954) 932-3502
Facsimile: (954) 337-0257
rsinger@wshblaw.com
jtom@wshblaw.com
ojimenez@wshblaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing *Notice of Removal* on all parties, via CM/ECF E-file portal as follows:

C. Phil Hall, Esq.
Phil Hall, P.A.
4300 Bayou Boulevard, Suite 32
Pensacola, Florida 32503
phil@askalawyerfirst.com
thendrix@askalawyerfirst.com
*Counsel for Plaintiff*

Dated: February 26, 2021                    */s/ Richard M. Singer*
                                            **RICHARD M. SINGER, ESQ.**